IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYWAN ADAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-239 |
| | ) |
| ERIC TICE, et al., | ) |
| | ) |
| Respondents. | ) |

### MEMORANDUM ORDER

Petitioner Tywan Adams, an inmate at SCI-Greene, is proceeding *pro se* on a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Pending before the Court is Adams' motion for a temporary stay of these habeas proceedings, the purpose of which is to allow Adams to exhaust in state court "newly discovered Fourth, Fifth, Sixth and Fourteenth Amendment claims." ECF No. 51, ¶2. Adams apparently believes that these "newly discovered" claims are justified in light of the Pennsylvania Supreme Court's July 21, 2020 ruling in *Commonwealth v. McClelland*, 233 A.3d 717, 721 (Pa. 2020) (holding that hearsay evidence alone was insufficient to establish a prima facie case at the preliminary hearing stage of criminal proceedings).

By way of background, the Court notes that Adams' original §2254 petition was lodged on August 31, 2017 and filed of record on October 17, 2017. ECF Nos. 1 and 4. Adams filed an amended petition on March 19, 2018, ECF No. 26, and a second amended petition -- his operative petition -- on November 25, 2019. ECF No. 38. The District Attorney of Erie County filed an answer on behalf of all Respondents on July 17, 2020. ECF No. 44. Adams then filed a

1

brief in opposition to Respondents' answer on August 21, 2020, making his claims ripe for adjudication.  ECF No. 46.

On May 3, 2021, Magistrate Judge Richard A. Lanzillo filed a Report and Recommendation in which he recommended that this Court deny Adams' operative §2254 petition and deny a certificate of appealability.  ECF No. 47.  As matters presently stand, Adams' objections to the Report and Recommendation are due by July 18, 2021.

Adams filed his motion for a temporary stay of these proceedings on May 25, 2021.  ECF No. 51.  Although he alludes to four "newly discovered" claims, he provides no elaboration in his motion about the nature of the claims.

Of course, a petitioner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must "exhaust[ ] the remedies available in the courts of the State" before applying for habeas relief.  See 28 U.S.C. 2254(b)(1)(A).  In "limited circumstances," a court may grant a petitioner a protective stay to allow him to return to state court and exhaust any unexhausted claims without running afoul of the one-year statute of limitations to file a habeas petition.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004).  The United States Supreme Court has held that a stay is "only appropriate" where the district court determines that the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Rhines*, 544 U.S. at 277-78.  A petitioner bears the burden of showing that he is entitled to a stay.  *See Urcinoli v. Cathel*, 546 F.3d 269, 275, n.8 (3d Cir. 2008).

As noted, Adams has not articulated the precise nature of the constitutional claims he is seeking to exhaust.  Instead, his motion merely cites to the Pennsylvania Supreme Court's decision in *McClelland* without further elaboration.  As a result, the Court is unable to determine

2

what specific claims Adams is seeking to exhaust, whether those claims are potentially meritorious, and whether Adams has good cause for his failure to exhaust those claims previously. *See Rhines*, 544 U.S. at 277–78. Accordingly, the Court will deny Adams' motion without prejudice to his filing of a renewed motion for a stay within thirty days that complies with the principles articulated in *Rhines*. The motion for a stay must clearly identify each unexhausted claim and show the following: (1) that the unexhausted claims are potentially meritorious; (2) that Adams has good cause for failing to exhaust; and (3) that Adams has not engaged in intentionally dilatory litigation tactics. To the extent the operative habeas petition does not include all of the claims that Adams seeks to raise in these proceedings, he must append to his motion a proposed amended §2254 petition that includes all claims for relief, both exhausted and unexhausted.

Accordingly, IT IS ORDERED, this 4th day of June 2021, that Petitioner's Motion for a Temporary Stay, ECF No. 51, shall be, and hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that, on or before June 25, 2021, Petitioner may submit a renewed motion to stay that complies with *Rhines v. Weber,* 544 U.S. 269 (2005) and the principles discussed herein. In the event Petitioner decides to file a renewed motion for a temporary stay, he shall append to his motion a proposed amended §2254 petition that includes all claims for relief, both exhausted and unexhausted. Respondents may file a response to any renewed motion on or before July 9, 2021.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge