IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYWAN ADAMS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-239 |
| | ) | |
| **ERIC TICE, et al.,** | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

**Susan Paradise Baxter, United States District Judge**

Pending before the Court in the above-captioned matter is a renewed motion by Petitioner Tywan Adams ("Adams") for a temporary stay of these proceedings in order to exhaust certain habeas corpus claims in state court. ECF No. 53. Adams, an inmate at SCI-Greene, is proceeding *pro se* on a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He believes that he has viable grounds to challenge his criminal conviction based upon the Pennsylvania Supreme Court's July 21, 2020 ruling in *Commonwealth v. McClelland*, 233 A.3d 717, 721 (Pa. 2020). For the reasons that follow, Adams' motion for a temporary stay will be denied.

**I.      Background**

Adams' original §2254 petition was lodged on August 31, 2017 and filed of record on October 17, 2017. ECF Nos. 1 and 4. He filed an amended petition on March 19, 2018, ECF No. 26, and a second amended petition -- his operative petition -- on November 25, 2019. ECF No. 38. The District Attorney of Erie County filed an answer on behalf of all Respondents on

1

July 17, 2020. ECF No. 44. Adams then filed a reply brief on August 21, 2020, making his claims ripe for adjudication. ECF No. 46.

On May 3, 2021, Magistrate Judge Richard A. Lanzillo filed a Report and Recommendation ("R&R") in which he opined that this Court should deny Adams' operative §2254 petition and deny a certificate of appealability. ECF No. 47. Adams has filed objections to the Magistrate Judge's R&R, ECF No. 54, which will be addressed by this Court in a separate Memorandum Order.

Prior to filing his objections, Adams moved for a temporary stay of these proceedings. ECF No. 51. Although he alluded in his motion to four "newly discovered" claims, Adams did not initially elaborate on the nature of those putative claims. ECF No. 51. Accordingly, the Court denied Adams' motion without prejudice and granted him leave to refile his motion in accordance with the standards articulated in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (recognizing that, in "limited circumstances," a court may grant a petitioner a protective stay so that the petitioner can return to state court and exhaust any unexhausted claims without running afoul of the one-year statute of limitations governing habeas petitions). *See* ECF No. 52.

Adams' renewed motion for a temporary stay followed on June 24, 2021 and is now pending before the Court. ECF No. 53. In his motion, Adams identifies the following habeas corpus claims which he wishes to include in a third amended §2254 petition and then exhaust in the Pennsylvania courts:

1. an ineffectiveness-of-counsel claim predicated upon his pretrial counsel's failure to object, at Adams' preliminary hearing, to hearsay testimony provided by the Commonwealth's sole witness, Officer Ira Bush; and

2. an ineffectiveness-of-counsel claim predicated upon his appellate counsel's failure to challenge the lawfulness of the Commonwealth's *prima facie* case, which was based solely on the hearsay testimony of Officer Bush.

ECF No. 53 at 1.

**II.     Standard of Review**

A petitioner seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254 must "exhaust[] the remedies available in the courts of the State" before applying for habeas relief. *See* 28 U.S.C. 2254(b)(1)(A). In order for a claim to be exhausted, it must be fairly presented to the state courts by invoking one complete round of the State's established appellate review process. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002). In Pennsylvania, petitioners accomplish this by fairly presenting their claims to the Superior Court, either on direct review or on appeal of a petition under Pennsylvania's Post Conviction Relief Act (PCRA). *See Lambert v. Blackwell*, 387 F.3d 210, 232–34 (3d Cir. 2004).

In "limited circumstances," a federal court may grant a §2254 petitioner a protective stay so that the petitioner can return to state court and exhaust any unexhausted claims without running afoul of the one-year statute of limitations to file a habeas petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (holding that a stay is required where dismissal could jeopardize the timeliness of a future federal petition). The United States Supreme Court has held, however, that a stay is "only appropriate" where the district court determines that the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78.

### III. Discussion

As noted above, Adams seeks to amend his operative §2254 petition in this case to assert two ineffectiveness-of-counsel claims, both of which arise out of the Commonwealth's alleged reliance on hearsay testimony to establish a *prima facie* case at Adams' preliminary hearing. Adams predicates both claims on the Pennsylvania Supreme Court's decision in *Commonwealth v. McClelland,* which held that hearsay evidence alone is insufficient to establish a *prima facie* case at a preliminary hearing. *See* 233 A.3d at 721. Adams asserts that he has good cause for his failure to exhaust this claim because the *McClelland* decision was not issued until July 21, 2020. Prior to that date, Adams posits, the Superior Court's ruling in *Commonwealth v. Ricker*, 120 A.3d 439 (Pa. Super. Ct. 2015), was ostensibly good law and "was being used to deny claims such as the two [that Adams] is respectfully seeking to present." ECF No. 53 at 2. Adams acknowledges that he did not file his motion to stay these proceedings until May 25, 2021 -- some ten months after the Pennsylvania Supreme Court's issuance of *McClelland*, but he cites the Covid-19 pandemic and his limited access to the prison library as causes for his delay. He contends that, after becoming aware of *McClelland*, he acted as diligently as possible under the circumstances and has not engaged in dilatory tactics.

At this point, a brief discussion of the relevant legal landscape is warranted. Pennsylvania Rule of Criminal Procedure 542(E), as amended, provides (in relevant part) that hearsay "shall be considered . . . in determining whether a *prima facie* case has been established" and "shall be sufficient to establish any element of an offense . . . ." Pa. R. Crim. P. 542(E). In *Ricker*, the Pennsylvania Superior interpreted Rule 542(E) as permitting the Commonwealth to establish its *prima facie* case at a preliminary hearing solely through hearsay evidence. 120 A.3d at 357. The court further concluded that this practice did not violate the

4

accused's federal and state constitutional right to confront witnesses, because no such right existed at the preliminary hearing stage. *Id.* at 362-64. The court did not address any potential due process implications arising from the Rule because it found that no due process argument had been advanced by the defendant. *Id.* at 360.

In *McClelland,* the Pennsylvania Supreme Court expressly disapproved of *Ricker* and held that the Commonwealth violated the accused's due process rights where his criminal case was bound over for trial on the basis of hearsay evidence alone. 233 A.3d at 721, 736. In arriving at its holding, the court recalled its prior ruling in *Commonwealth ex rel. Buchanon v. Verbonitz*, 581 A.2d 172 (Pa. 1990) (plurality), wherein a five-justice majority had held that hearsay evidence alone is insufficient to establish a *prima facie* case at a preliminary hearing. *See McClelland,* 233 A.3d at 720. Although the decision was a plurality ruling, a majority of justices in *Verbonitz* had agreed that "fundamental due process requires that no adjudication be based solely on hearsay evidence." *Id*. at 722 (quoting *Verbonitz*, 581 A.2d at 174 (Larsen, J., lead opinion) and 176 (Flaherty, J., concurring)). The *McClelland* Court considered the fact that Rule 542(E) had been amended to its present form *after Verbonitz* was decided, but it concluded that the Rule, as amended, "does not evince an articulated intent to overrule *Verbonitz* or reaffirm it; instead, subsection (E) is intended to allow some use of hearsay." 233 A.3d at 735. The court then applied the "canon of constitutional avoidance" to adopt a construction of Rule 542(E) which would avoid "grave and doubtful constitutional questions." *Id.* (internal quotation marks and citations omitted). Noting that, at the defendant's preliminary hearing, "the Commonwealth relied exclusively and only on evidence that could not be presented at trial," *id.* at 736, the court observed that this was "precisely the circumstance and rationale upon which five Justices in *Verbonitz* determined [the defendant's] right to due process was violated." *Id.*

5

The court concluded by reaffirming the validity of *Verbonitz* and directing that the defendant be discharged without prejudice to the Commonwealth's right to refile charges and proceed with a new preliminary hearing. *Id.* at 736 n.11.

As noted, Adams seeks leave at this juncture to add (and exhaust) claims that his pretrial and appellate counsel were ineffective for failing to challenge the validity of the Commonwealth's *prima facie* case, which was allegedly predicated solely on hearsay testimony. In order to satisfy the requirements of *Rhines,* Adams must show, among other things, that his claims have potential merit. *See* 544 U.S. at 277-78. Here, however, Adams cannot make such a showing.

In order to seek relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), a defendant must file a petition -- including a second or subsequent petition -- within one year of the date the defendant's judgment becomes final, unless the petitioner can prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. Stat. and Cons. Stat. Ann. §9545(b)(1) (West). Any petition invoking one of the foregoing exceptions must be filed within one year of the date the claim could have been presented. *Id.* §9545(b)(2). "It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the [C]ourt's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016) (citations omitted).

6

In this case, Adams' judgment of sentence became final on December 30, 2015, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Adams,* No. 304 WAL (2015), 130 A.3d 1285 (Pa. 2015) (Table Case). Since Adams is well beyond one-year from that date, any future PCRA claim would be time-barred unless Adams can satisfy one of the exceptions set forth in §9545(b)(1). Only subsection (iii) is potentially implicated here, because Adams does not allege governmental interference with the presentation of his putative claims and the Pennsylvania Supreme Court's decision in *McClelland* does not constitute a newly discovered "fact." *See Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) (subsequent decisional law does not amount to new "fact" under 42 Pa. C.S.A. §9545(b)(1)(ii)).

Even assuming, however, that Adams would attempt to avail himself of the third exception in §9545(b)(1), his effort would be in vain. Under Section 9545(b)(1)(iii), Adams must prove that "the right asserted is a *constitutional right that was recognized* by the Supreme Court of the United States or the Supreme Court of Pennsylvania *after the time period provided in this section and has been held by that court to apply retroactively."* 42 Pa. C.S.A. §9545(b)(1)(iii) (emphasis added). Insofar as *McClelland* reaffirmed the validity of the Pennsylvania Supreme Court's prior ruling in *Verbonitz,* which had previously recognized a defendant's due process interest in not being bound over for trial solely on the basis of hearsay, it is questionable whether *McClelland* recognized any "new" constitutional right for purposes of §9545(b)(1)(iii). Even if it did, however, Adams still cannot avail himself of the exception in subsection (iii) because the "right" that Adams believes was recognized in *McClelland* has not been held by the Pennsylvania Supreme Court to apply retroactively. *See, e.g., Commonwealth v. Scott,* No. 1329 EDA 2021, 2021 WL 5983827, at *2 (Pa. Super. Ct. Dec. 17, 2021) (finding §9545(b)(1)(iii) inapplicable because "[o]ur Supreme Court has yet to hold that the constitutional

7

right recognized in *McClelland* applies retroactively); *Commonwealth v. Pinkins*, No. 559 EDA 2021, 2021 WL 4932807, at *3 (Pa. Super. Ct. Oct. 22, 2021) (court noting that its "independent review confirms" the Pennsylvania Supreme Court has not held that the constitutional right recognized in *McClelland* applies retroactively); *see also Commonwealth v. Johnson*, No. 1234 WDA 2020, 260 A.3d 121 (Table), 2021 WL 2905766 **5 (Pa. Super. Ct. July 8, 2021) ("Pennsylvania jurisprudence contains a strong presumption against the retroactive application of newly recognized constitutional rights to criminal defendants.") (citing authority).

Furthermore, even if Adams' new claims could be timely asserted under the PCRA, they would fail on the merits. At bottom, Adams faults his pretrial and appellate attorneys for not challenging the sufficiency of the evidence presented at his preliminary hearing. However, "[i]t is well-settled that the purpose of a preliminary hearing is not to prove guilt but instead 'is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime.'" *Pinkins*, 2021 WL 4932807, at *4 (quoting *Commonwealth v. Tyler*, 587 A.2d 326, 328 (Pa. Super. 1991), *appeal quashed*, 617 A.2d 1263 (Pa. 1992)). As the Pennsylvania Supreme Court observed in *McClelland,* a court's dismissal of charges and discharge of the accused based on the state's failure to establish a *prima facie* case at the preliminary hearing does not implicate double jeopardy concerns and, therefore, the appropriate remedy would ordinarily be a dismissal of the criminal charges without prejudice to the Commonwealth's right to refile the charges and proceed with a new preliminary hearing. *See* 233 A.3d at 736 n.11. But where the defendant has been tried and found guilty of the underlying crimes, any defect in the preliminary hearing is cured. *See Commonwealth v. Rivera*, 2021 PA Super 105, 255 A.3d 497, 503 (2021) ("[W]e find that the Supreme Court did not intend to extend *McClelland's* holding to cases such as this one,

8

where the complained-of defect in the preliminary hearing is subsequently cured at trial."); *see also Commonwealth v Sanchez,* 82 A.3d 943, 984 (Pa. 2013) ("Indeed, once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial."); *Commonwealth v. Ballard*, 460 A.2d 1091, 1092 (Pa. 1983) ("A finding at a preliminary hearing that sufficient evidence exists to require a defendant to stand trial is not subject to review if there has been a subsequent independent judicial judgment that there is sufficient evidence to require the defendant to stand trial."); *accord Myers v. Salavantis*, No. CV 19-3669, 2020 WL 12442138, at *3 (E.D. Pa. Feb. 13, 2020), *report and recommendation adopted*, No. CV 19-3669, 2021 WL 5085310 (E.D. Pa. Nov. 2, 2021) (noting that Petitioner's claims may not be cognizable even after exhausted because claims related to defects at a preliminary hearing are deemed moot after trial when the petitioner has been convicted) (citing *Shack v. Attorney General of State of Pennsylvania*, 776 F.2d 1170, 1172 (3d Cir. 1985)).

In this case, Adams' case proceeded to a bench trial and the state court convicted him of the crimes for which he is now incarcerated; consequently, any constitutional defect that may have occurred at the time of Adams' preliminary hearing has been cured. Thus, even if Adams could establish that his pretrial attorney was ineffective for not challenging the sufficiency of the evidence at his preliminary hearing, Adams cannot demonstrate that pretrial counsel's ineffectiveness prejudiced him. *See Hutchinson v. Superintendent Greene SCI,* 860 F. App'x 246, 248–49 (3d Cir. 2021) ("To succeed on an ineffective-assistance-of-counsel claim under the Supreme Court's landmark decision in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Hutchinson "had to show both that his counsel provided deficient assistance and that there was prejudice as a result.") (citing *Harrington v. Richter,* 562 U.S. 86,

104 (2011)). Nor can Adams show that his appellate attorney was ineffective for failing to assert what would have amounted to a meritless ineffectiveness-of-pretrial-counsel claim. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) (explaining that counsel's failure to pursue a meritless claim does not amount to ineffectiveness).

Under the federal habeas corpus statute, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. §2254((b)(2). In this case, regardless whether Adams could effectively exhaust his newly identified ineffectiveness-of-counsel claims in state court, there is no basis from which this Court can conclude, based upon the alleged defects in the Commonwealth's *prima facie* case, that Adams' present confinement violates the U.S. Constitution. *See* 28 U.S.C. §2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States."). Under the principles articulated in *Rhine, supra*, Adams' requested stay will be denied because, ultimately, his putative claims are plainly meritless.

**IV.    Conclusion**

Based upon the foregoing reasons, Adams' renewed motion for a temporary stay of these proceedings will be denied. In addition, the Court will deny Adams leave to file his proposed third amended §2254 petition.

An appropriate Order follows.

10

_____
SUSAN PARADISE BAXTER
United States District Judge