IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYWAN ADAMS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Case No. 1:17-cv-239-SPB-RAL** |
| ) | |
| **ERIC TICE,** *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

**MEMORANDUM ORDER**

Tywan Adams ("Adams"), an inmate at SCI-Greene, filed the within civil action seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Having been tried and found guilty of crimes related to the unlawful possession of a firearm, Adams now challenges the validity of his criminal conviction. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Adams' operative petition was filed on November 25, 2019. ECF No. 38.[1] Respondents filed their answer on July 17, 2020. ECF No. 44. Adams filed his reply on August 21, 2020. ECF No. 46. The matter is now ripe for adjudication.

On May 3, 2021, Magistrate Judge Lanzillo issued an R&R in which he recommended that both the operative petition and a certificate of appealability be denied. ECF No. 47. Judge Lanzillo identified four grounds for relief in Adams' §2254 petition, none of which he considered meritorious.

---

[1] On June 24, 2021 Adams filed a renewed motion for a temporary stay of these proceedings, the purpose of which was to add new claims and exhaust them in state Court. *See* ECF No. 53. The Court has denied that motion in a separate Memorandum Opinion and Order. *See* ECF Nos. 55 and 56.

1

Adams' first claim involves an allegation that his trial counsel was ineffective in failing to challenge the testimony of Selena Clark, an adverse witness at Adams' trial. Judge Lanzillo understood Adams to be asserting that his trial attorney should have objected to the admission of Clark's testimony on the ground that the prosecution had violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose the substance of Clark's anticipated testimony in advance of trial. Adams litigated this claim in his PCRA proceeding, and the Pennsylvania Superior Court ruled against him on the ground that Clark's testimony did not implicate *Brady,* and Adams's attorney could not have been ineffective for failing to raise a meritless *Brady* challenge. Judge Lanzillo agreed with the Superior Court's analysis and recommended that the undersigned deny Adams' first §2254 claim. In essence, Judge Lanzillo opined that the state court's decision (i) was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court, and (ii) was not based on an unreasonable determination of the facts in light of the evidence presented.

Adams' second §2254 claim is that his trial counsel was ineffective in failing to move to have the subject firearm suppressed. As Judge Lanzillo understood it, Adams' theory is that there was insufficient cause for the vehicle stop that led to the discovery of the subject firearm because the prosecution did not present testimony at time of trial from either the complainant or the officer who effectuated the stop. This claim, too, was litigated in the PCRA proceedings, and the Superior Court ruled against Adams. The state court reasoned that the vehicle stop was clearly supported by reasonable suspicion based on information that had been transmitted from the complainant to the officer who effectuated the stop, via a valid police bulletin. Since Adams' counsel could not be ineffectual for declining to pursue a meritless suppression claim, the Superior Court rejected Adams' argument. Although Adams argued in his reply that the

Superior Court's holding was based on an unreasonable determination of the facts, Judge Lanzillo disagreed and recommended that Adams' second §2254 claim be denied.

Adams' third §2254 claim involves allegations that his trial counsel was ineffective in failing to move to demur the charge of firearms not to be carried without a license. This argument is predicated on Adams' belief that no license was required for the firearm in question. Because this claim was not litigated in the PCRA proceeding, Judge Lanzillo correctly noted that it was unexhausted and is now procedurally defaulted due to the PCRA's statute of limitations. In an effort to overcome the procedural default, Adams has alleged ineffectiveness on the part of his PCRA counsel based on PCRA counsel's failure to challenge the effectiveness of trial counsel. Ultimately, Judge Lanzillo found no legal support for Adams' foundational assumption that he did not need a license to possess the firearm. Because Judge Lanzillo perceived no merit to Adams' allegations of ineffectiveness on the part of PCRA counsel, the Magistrate Judge concluded that Adams cannot overcome his procedural default of the third §2254 claim. Judge Lanzillo therefore recommended that Adams' third claim be denied.

Adams' fourth ground for relief involves allegations that his trial attorney was ineffective in failing to assert Adams' right to confront the complainant. This claim was raised, and rejected, in Adams' direct appeal. Adams' underlying factual allegation was that the police officer who effectuated the traffic stop had improperly been allowed to testify at trial about the complainant's out-of-court statements that she had seen Adams leave in the subject vehicle with a firearm. Because the Superior Court could find no such testimony in the trial transcript, it concluded that Adams' right to confront adverse witnesses was not implicated. The Magistrate Judge interpreted Adams' §2254 arguments as raising a challenge to the Superior Court's factual determination. Because Judge Lanzillo did not find the Superior Court's determination of the

facts to be unreasonable based upon the evidence presented, he recommended that Adams' fourth §2254 claim be denied.

Adams filed his objections to the Report and Recommendation on July 20, 2021. ECF No. 54. He raises the following four points, which we consider seriatim.

(i)

Initially, Adams objects that the Magistrate Judge misconstrued and mischaracterized his first §2254 claim as one based solely upon a *Brady* violation. In fact, Adams claims, his first §2254 claim alleges that trial counsel was ineffective in failing to argue that the prosecution violated its ongoing discovery obligations and thereby conducted a trial by ambush when it presented "fabricated" testimony from Ms. Clark that had not previously been disclosed. Adams also alludes to the prosecution's failure to disclose impeachment evidence which, he claims, prevented his counsel from being able to effectively cross-examine the complainant -- the only witness at trial who directly linked Adams to the subject firearm. Elsewhere, Adams states that the Superior Court misapplied the law when it stated that "[n]o *Brady* violation occurs where the defendant knew or with reasonable diligence could have discovered the evidence in question...." ECF No. 54 at 4 (quoting *Commonwealth v. Adams,* No. 1658 WDA 2016, 2017 Pa. Super. Unpub. LEXIS 3115 *9 (Pa. Super. Ct. Aug. 17, 2017)).

Adams' first objection lacks merit. Regarding his latter point, the Superior Court's recitation of a *Brady* due diligence requirement, even if inaccurate, is of no legal moment because the Superior Court did not dispose of Adams' *Brady* claim on due diligence grounds. Rather, the Court ruled that Ms. Clark's testimony simply did not constitute *Brady* material because it was not favorable to Adams. *See* R&R, ECF No. at 4; *Commonwealth v. Adams*, No.

1658 WDA 2016, 2017 Pa. Super. Unpub. LEXIS 3115 *9 (Pa. Super. Ct. Aug. 17, 2017).[2] In any event, however, the Superior Court's application of *Brady* in its PCRA opinion is irrelevant insofar as Adams now foreswears any intent to predicate his first §2254 claim upon a foregone *Brady* challenge.

      As noted, Adams presently characterizes his first §2254 claim as an assertion that his trial attorney was ineffective for failing to argue that the prosecution violated its ongoing discovery obligations and thereby conducted a trial by ambush when it presented "fabricated" testimony from Ms. Clark that had not previously been disclosed. Although Adams does not specify the "fabrication," this Court assumes from context that he is referring to Ms. Clark's testimony that Adams placed the bag containing the subject firearm in her vehicle. But even assuming that the prosecution somehow violated Pennsylvania Rule of Criminal Procedure 573 by failing to specifically disclose this anticipated testimony ahead of trial, Adams still has not established a basis for relief under §2254. In order for Adams to prevail on a claim that his trial attorney was constitutionally ineffective, he must show, among other things, that he was prejudiced by counsel's errors. Prejudice involves "a reasonable probability" that, but for counsel's alleged errors, the result of the proceeding would have been different. *See Sawyer v. Whitley*, 505 U.S. 333, 363 (1992); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Ultimately, Adams cannot establish a "reasonable probability" that, but for his attorney's alleged error, he would not have been convicted. Notably, Rule 573 gives the trial court broad discretion to determine the appropriate remedy for a discovery violation:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such

---

[2] For this reasons, Adams' objection is misguided to the extent he characterizes Ms. Clark's testimony as "impeachment" material and faults his counsel for not pursuing an argument that the prosecution wrongfully withheld "impeachment" material when it failed to disclose the anticipated contents of Ms. Clark's trial testimony.

> party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa. R. Crim. P. 573(E). While Adams may assume that his trial attorney could have gotten Ms. Clark's testimony excluded from the trial record, this supposition is completely speculative in light of the other possible remedies available to the trial judge, including granting the defense a brief continuance. Assuming the trial judge had granted Adams' attorney a continuance for the purpose of better preparing his cross-examination of Ms. Clark, there is no reasonable probability here that the outcome of the trial would have been different. As the Superior Court observed in disposing of Adams' direct appeal, Clark's testimony was not inherently contradictory:

> Clark testified at trial that [Adams] entered her vehicle with the mesh bag from which the firearm was later recovered. N.T., 6/25/14, at 10-11. [Adams] claims that this testimony is unworthy of belief since she never stated on the night in question that [Adams] brought the mesh bag into her vehicle. The record, however, reveals that the officers never asked Clark whether she saw [Adams] enter her car with the bag. *Id*. at 16. Based upon this testimony, there is no factual support for the alleged inconsistency [Adams] raises on appeal.

*Commonwealth v. Adams,* No. 1617 WDA 2014, 2015 Pa. Super. Unpub. LEXIS 1965 *7-8 (Pa. Super. Ct. June 29, 2015). In sum, even if Adams could establish that his trial attorney was ineffective for failing to argue an alleged discovery violation, no "reasonable probability" exists in this case that the outcome of Adams' trial would have been different. Because Adams cannot establish a viable Sixth Amendment violation on the part of his trial counsel in this regard, his first §2254 claim fails.

(ii)

Adams' second objection relates to his claim that his trial attorney was ineffective in failing to move for the suppression of the firearm. According to Adams, the Magistrate Judge erred in assuming that the Superior Court could consider evidence not admitted during trial when

6

assessing this particular ineffectiveness-of-counsel claim. More specifically, Adams appears to take issue with the Superior Court's reference to information contained in the police report -- evidence which, he argues, is inadmissible hearsay that was not subject to cross-examination.

On this point, Adams appears to misunderstand the analysis that would have occurred, had his trial attorney filed a motion to suppress. Such a motion would have been filed prior to trial. *See* Pa. R. Crim. P. 581. The trial judge would have had to make a determination whether police officers had "reasonable suspicion" of illegal activity to justify the stop and the brief investigatory detention that ensued. *Id.*; *Commonwealth v. Goldsborough*, 31 A.3d 299, 305 (Pa. Super. Ct. 2011) (an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention but does not involve such coercive conditions as to constitute the functional equivalent of an arrest), *appeal denied*, 49 A.3d 442 (Pa. 2012). In making this objective determination, the trial court would be permitted to consider all factors known to the officers -- including facts set forth in the police report -- irrespective of whether that evidence would later be admitted into the record at time of trial. *See* Pa. R. Crim. P. 581 (explaining the procedure for motions to suppress, including the creation of a suppression record); *Commonwealth v. Cottman*, 764 A.2d 595, 598-99 (Pa. Super. Ct. 2000) ("[T]he question of whether reasonable suspicion existed at the time of an investigatory detention must be answered by examining the totality of the circumstances to determine whether there was a particularized and objective basis for suspecting the individual stopped of criminal activity."); *see also United States v. Hester,* 910 F.3d 78, 87 (3d Cir. 2018) ("We determine whether reasonable suspicion existed to support a stop under an objective standard and a totality of the circumstances approach.") (citing *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968) and other authority).

7

In evaluating Adams' ineffectiveness-of-counsel claim, the Pennsylvania Superior Court properly considered the facts known to the officers involved, as set forth in the police report. The undersigned finds that the state court's decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the PCRA record. Consequently, Adams' second objection lacks merit.

(iii)

In his third objection, Adams reiterates his belief that Pennsylvania does not require an individual to have a license in order to possess a rifle in the rear compartment or trunk of a vehicle. He claims that he brought this defense to his trial attorney's attention, but counsel declined to pursue that line of argument. The claim was not raised in state court and is therefore unexhausted and now procedurally defaulted. To overcome this procedural default, Adams asserts that his PCRA counsel was ineffective for not challenging the effectiveness of his trial attorney relative to the gun licensing issue.

Adams' third §2254 claim and third objection plainly lack merit. During his direct appeal, the Pennsylvania Superior Court considered and rejected Adams' challenge to the sufficiency of the evidence, as it pertained to the charge of carrying a firearm without a license. The Superior Court accurately observed that "[t]o convict [Adams] of possessing a firearm without a license, the Commonwealth needed to demonstrate beyond a reasonable doubt that [Adams] carried a firearm in a vehicle or concealed a firearm on or about his person and that he did so without a license. *See* 18 Pa. C.S.A. § 6106(a)(1)." *Commonwealth v. Adams,* No. 1617 WDA 2014, 2015 Pa. Super. Unpub. LEXIS 1965 *6 (Pa. Super. Ct. June 29, 2015). Adams "[did] not challenge the Commonwealth's proof that he did not possess a license to carry a

8

firearm," *id*., and the Superior Court found that there was sufficient evidence to prove Adams' possession of the firearm beyond a reasonable doubt. *Id.* at 6-7. In his objections, Adams suggests that, at most, he is guilty of a summary offense for possessing a loaded shotgun in a vehicle, not a third-degree felony for possessing the firearm without a license. This assertion is incorrect. First, Adams cites no actual authority for the proposition that he was lawfully allowed to possess the subject firearm in the rear of Ms. Clark's vehicle in the absence of a license. Second, the statute on which Adam relies, 18 Pa. C.S.A.§6106.1, has no applicability here. That statute makes it a summary offense for an otherwise licensed individual to possess a loaded firearm in a vehicle, subject to certain exceptions that are not applicable here, but the statute expressly does not override the provisions of §6106. *See* 18 Pa. Stat. and Cons. Stat. Ann. §6106.1 ("nor shall the provisions of this section be construed to permit persons to carry firearms in a vehicle where such conduct is prohibited by section 6106"). Because Adams' trial counsel had no obligation to pursue a meritless defense, he could not have been ineffective for failing to do so. Adams' third objection is overruled and his §2254 claim will be denied.

(iv)

Finally, Adams claims that the Magistrate Judge misapplied the law in rejecting his fourth §2254 claim (that trial counsel was ineffective for failing to assert Adams' right to confront witnesses). At bottom, Adams reiterates his position that the Superior Court's PCRA ruling was erroneous because, in determining that the traffic stop was lawful, the court relied upon the complainant's out-of-court statements, as set forth in the police report. Adams appears to be arguing that the Superior Court lacked any justification for considering the complainant's out-of-court statements in its PCRA ruling, because (as the Superior Court noted in its 2015 direct appeal decision) Officer Bush never testified about those statements at trial, the

9

complainant never testified, and the police report was not part of the trial record.  Adams posits that the Superior Court could not, in its PCRA decision, refer to the officer's uncorroborated report about the complainant's out-of-court statements "without invoking [Adams'] right to confront in the name of procedural due process." ECF No. 54 at 10.  That, Adams insists, "is hearsay in its most raw form . . . ." *Id*.

Adams' objection about the Superior Court's reliance on alleged hearsay evidence makes little sense in the context of his ineffective-assistance-of-counsel claim.  To the extent Adams faults his trial counsel for failing to assert Adams' right to confront the complainant, the argument fails for the reason cited by the Pennsylvania Superior Court in its opinion disposing of Adams' direct appeal -- *i.e.*, Officer Bush never testified about the complainant's out-of-court statements; such statements were thus never offered against Adams at his trial, and Adams' right to confront adverse witnesses was therefore never implicated.  Adams' trial counsel could not have asserted a constitutional right that was never implicated during the trial and was not ineffective for failing to do so.  To the extent Adams is asserting that his PCRA counsel was ineffective for not challenging or preventing the Superior Court from relying on hearsay evidence in its PCRA opinion, the argument fails because Adams has no constitutional right to effective assistance of counsel in a PCRA proceeding.  *See Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002) (ineffectiveness of PCRA counsel is not viable claim because there is no right to counsel on PCRA review).

To the extent Adams is actually challenging the Superior Court's PCRA decision based upon its consideration of the complainant's statements in the police report, this relates to the Adam's second §2254 claim -- i.e., his claim that his trial attorney was ineffective for not challenging the legality of the traffic stop and moving to suppress the gun.  As discussed, the

10

Superior Court rejected this claim in its PCRA opinion, finding that the traffic stop was supported by reasonable suspicion and was therefore lawful, and that Adams' trial attorney was not ineffective in attempting to litigate a meritless suppression issue.  Adams claims the Superior Court somehow violated his rights when it relied on the complainant's out-of-court statements in the police report, but this objection is misguided for the reasons set forth above.  In assessing whether an objective officer would have possessed reasonable suspicion of criminal activity sufficient to justify the vehicle stop and ensuing investigative detention, the Superior Court was entitled to consider any information in the PCRA record that might have informed the officers' decisions.  Accordingly, Adams' fourth objection lacks merit.

In light of the foregoing considerations, and after *de novo* review of the operative petition and documents in the case, together with the Report and Recommendation and Adams' objections thereto, the following order is entered:

NOW, this 14th day of January, 2022, IT IS ORDERED that the within petition for writ of habeas corpus shall be, and hereby is, DENIED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall be, and hereby is, DENIED, because jurists of reason would not find it debatable that Adams failed to make a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on May 3, 2021, ECF No. [47], shall be, and hereby is, adopted as the opinion of this Court.  Petitioner's objections to the Report and Recommendation, ECF No. [54], are OVERRULED.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

                                                                                   SUSAN PARADISE BAXTER
                                                                                   United States District Judge

cm:    Tywan Adams
        FQ-9462
        SCI-Greene
        169 Progress Drive
        Waynesburg, PA 15370
        (Via U.S Mail)

        Counsel of record (via CM/ECF)

        The Honorable Richard A. Lanzillo (via CM/ECF)